IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JONATHAN ESPINOZA and RYAN GREESON**     **PLAINTIFFS**

vs.         No. 5:16-cv-263

**PREDATOR PRESSURE CONTROL AND
CRANE SERVICES, LLC; and RANDAL BROOKS,
Individually and as an Officer of PREDATOR
PRESSURE CONTROL AND CRANE SERVICES, LLC**     **DEFENDANTS**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Jonathan Espinoza and Ryan Greeson ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendants Predator Pressure Control and Crane Services, LLC ("Predator"), and Randal Brooks, individually and as an officer of Predator Pressure Control and Crane Services, LLC (collectively "Defendants"), and in support thereof do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Predator's practice of failing to pay Plaintiffs overtime compensation for the hours in excess of forty hours in a single week that they were made to work.

## II.   JURISDICTION AND VENUE

2.   The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.   The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

4.   Plaintiff Jonathan Espinoza is an individual and resident of Bexar County, Texas.

5.   Plaintiff Ryan Greeson is an individual and resident of Comar County, Texas.

6.   Separate Defendant Predator is a for-profit, foreign limited liability company existing under and by virtue of the laws of the State of Delaware and registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

7.   Predator's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

8.   During each of the three years preceding the filing of the Original

Complaint, Predator employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

9. Predator's registered agent is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. Separate Defendant Randall Brooks is an individual who resides in the State of Texas.

11. Upon information and belief, Separate Defendant Brooks controls or has the right to control the day-to-day operations of Separate Defendant Predator, such that he is liable to Plaintiffs as an employer under the FLSA.

12. Separate Defendant Brooks established and maintained the policies at issue in this case.

13. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV.   FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

15. Within three years prior to the filing of the Original Complaint in this case, Defendants hired Plaintiffs to perform duties as Field Hands or Laborers.

16. As Field Hands, Plaintiffs duties were to assist in fracking oil and gas wells and to operate wire line and other fracking equipment at the wells.

17. In all weeks in which Plaintiffs performed fracking duties, Defendants paid Plaintiffs a weekly salary.

18. Defendants paid Plaintiffs no overtime premium for weeks in which Plaintiffs worked more than forty hours per week.

19. Plaintiffs worked more than forty hours per week on a regular, typical basis while working for Defendants.

20. Defendants did not require Plaintiffs to have any professional education relevant to their job duties as a prerequisite to employment as Field Hands.

21. Plaintiffs were classic blue-collar workers, spending their physical, demanding, long shifts outdoors in the elements, and not in an office.

22. During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

23. Plaintiffs did not select any employees for hire nor did they provide any formal training for any employee.

24. Plaintiffs had no ability to hire and fire any employee.

25. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

26. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

27. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Field Hands.

28. Law in support of the position taken by Plaintiffs in this lawsuit is reflected

in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

29. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold overtime wages to them in an effort to enhance its profits.

## V.   LEGAL ALLEGATIONS

30. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

31. Defendant intentionally misclassified Plaintiffs as exempt from overtime compensation.

32. Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

33. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

34. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

35. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of

prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jonathan Espinoza and Ryan Greeson respectfully pray for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

C. A declaratory judgment that each Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

F. An order directing each Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem necessary, just and proper.

                        Respectfully submitted,

                        **JONATHAN ESPINOZA and RYAN GREESON, PLAINTIFFS**

                        SANFORD LAW FIRM, PLLC
                        One Financial Center
                        650 S. Shackleford Road, Suite 411
                        Little Rock, Arkansas 72211
                        Telephone:  (501) 221-0088
                        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com